IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,  )
                   )  **CRIMINAL CASE NO. CF0304-13**
       Plaintiff,  )
                   )
     vs.  )  **DECISION AND ORDER**
                   )
ATTAICHY AINNA,  )
                   )
       Defendant.  )
                   )

## INTRODUCTION

This matter came before the Honorable James L. Canto II on the Defendant's motion to dismiss, filed August 23, 2013. Oral arguments were heard on December 2, 2013. Assistant Attorney General Gabrielle Rossi appeared on behalf of the Government and Assistant Public Defender Suresh Sampath represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

This case involves an alleged assault where Defendant is accused of attacking Peter Ngeskebei and Jonathan Leonard Wilson at the 7-Day Supermarket in Dededo on or about June 1, 2013. On June 11, 2013, Defendant was indicted for two counts of Aggravated Assault as a Third Degree Felony, and two counts of a special allegation of possession and use of a deadly weapon in the commission of a felony.

On August 23, 2013, Defendant moved to dismiss the indictment for the failure to submit exculpatory evidence to the grand jury in violation of 8 GCA § 50.46. Defendant argues that the Government, in presenting testimony before the grand jury, misrepresented that: (1) Mr. Wilson, a victim, had identified Defendant as the assailant; and (2) Mr. Ngeskebei, another victim, knew Defendant, having previously caught him stealing at the store. (Mot. Dismiss, 8, Aug. 23, 2013). Furthermore, Defendant argues that the Government failed to present the following facts to the grand jury: (1) conflicting statements of identification of Mr. Wilson and Mr. Ngeskebei; (2) the individual who was actually apprehended several hours later did not

exactly match the description given by either Mr. Wilson or Mr. Ngeskebei; and (3) Defendant was not apprehended immediately after the assault had occurred, but rather was apprehended hours later by police. *Id.* at 8-9.

## DISCUSSION

Title 8 GCA § 50.46 provides that, "[t]he grand jury shall receive only evidence presented to it by the prosecuting attorney but the prosecuting attorney shall submit any evidence in his possession which would tend to negate guilt and the grand jury shall weigh all the evidence submitted." The duty to present exculpatory evidence to the grand jury was adopted from California law, "due to the particularly unilateral role of a prosecutor in the nonadversary context of grand jury proceedings." *Sablan*, 1986 WL 68900, at *3 (*citing Johnson v. Superior Court*, 15 Cal.3d 248 (1975)).

Under 8 GCA § 50.46, "[t]he prosecutor's duty consists of fairly presenting all the evidence available," but "[a] reviewing court should uphold an indictment 'if there is some rational ground for assuming the *possibility* that an offense has been committed and the accused is guilty of it.'" *People v. Grajo*, No. 86-00002, 1987 WL 109393, at *2 (D. Guam App. Div. 1987) (emphasis in original) (*quoting People v. Ketchel*, 59 Cal.2d 503, 532, 30 Cal.Rptr. 538, 553, 381 P.2d 394, 409 (1963), *vacated on other grounds*, 63 Cal.2d 859, 48 Cal.Rptr. 614, 409 P.2d 694 (1966)); *see also* 8 GCA § 50.54(b).

Furthermore, the failure to present exculpatory evidence to a grand jury is grounds to dismiss an indictment prior to the conclusion of trial, only "if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from substantial influence of such violations." *People v. Muna*, 999 F.2d 397, 399 (9th Cir. 1993) (internal quotations omitted) (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256, 108 S.Ct. 2369, 2374, 101 L.Ed.2d 228 (1988)).

In this case, Defendant argues that the indictment must be dismissed after the prosecuting attorney misrepresented facts and failed to present exculpatory information. The alleged misrepresented facts and alleged exculpatory information are based on the information contained in a police report, according to the Defendant. However, the police report is not a



part of the record. Defendant failed to present any such evidence by appending it to an affidavit or by moving for its admission into evidence during the motion hearing. Without the ability to examine the police report which contains the statements of the witnesses which are the basis for Defendant's motion, the Court is unable to review the motion on its merits. For this reason, Defendant's motion to dismiss is denied.

///

///

///

### CONCLUSION

Based upon the foregoing, the Defendant's motion to dismiss is hereby DENIED.

SO ORDERED this _27th_ day of February, 2014.

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the box of:
AG, PD
DMR
Date: 2/27/14 Time: 2:00pm

Deputy Clerk, Superior Court of Guam